# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 08-30099
Summary Calendar

FRANCES BEAUDOIN

Plaintiff - Appellant

V.

WESTLAKE STYRENE L P; WPE CORP; WESTLAKE MANAGEMENT
SERVICES INC

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
2:06-CV-900

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Frances Beaudoin appeals the district court's grant of summary judgment

to her former employer, Westlake Management Services Inc. ("Westlake"),[1] on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Beaudoin also brought claims against several of Westlake's corporate affiliates, Westlake Styrene L.P. and WPE Corp. The district court dismissed these entities because Beaudoin offered no basis on which to hold these other entities liable. Beaudoin does not challenge that ruling. Thus, our reference to "Westlake" refers only to Westlake Management Services Inc., the only defendant whose dismissal Beaudoin challenges.

her claims that Westlake engaged in unlawful employment discrimination on the basis of sex and race in violation of Louisiana law, LA. STAT. REV. ANN. § 23:332.[2]

Beaudoin, a black female, worked as a loading operator at Westlake's chemical facility in Lake Charles, Louisiana. Westlake terminated Beaudoin's employment following her alleged involvement in a propylene-flaring incident. Although there were no injuries, Westlake's formal investigation report described the flaring incident as having "Serious Potential for Catastrophic Event." According to Westlake's investigation, the events leading to the propylene flare spanned two shifts, including Beaudoin's. The investigation determined that each of the three operators on duty that day shared responsibility for the flare. Specifically, with respect to Beaudoin, Westlake's investigation found that Beaudoin failed adequately to assess and address the situation leading up to the flare and also failed to appreciate the magnitude of the situation.

Westlake's management decided that disciplinary action was warranted for each of the three operators involved in the flaring incident. Beaudoin and another full-time employee operator, a white male, each received two levels of discipline under Westlake's progressive discipline policy. Based on the prior documented discipline in Beaudoin's personnel file, this discipline resulted in her termination. The other full-time operator had fewer and less severe disciplinary incidents documented in his personnel file. He received a two-day suspension. The third operator, a white male, was a "temporary" operator and was terminated immediately after the incident, although he had no prior disciplinary record.

---

[2] Beaudoin's claim arises only under state and not federal law. The district court nonetheless properly exercised subject matter jurisdiction on the basis of diversity of citizenship. See 28 U.S.C. § 1332.

Beaudoin alleges that she was unlawfully terminated on the basis of sex and race. Beaudoin argues that any mistake made during the flaring incident was not her own. She also argues that Westlake applied its progressive discipline policy inconsistently, subjectively, and arbitrarily, establishing a genuine issue of material fact as to whether Westlake's stated reason for terminating Beaudoin's employment was pretextual. The district court rejected Beaudoin's arguments and granted summary judgment to Westlake, concluding that Beaudoin failed to offer sufficient evidence to demonstrate that Westlake's reason for her termination was pretextual.

We review the district court's grant of summary judgment de novo applying the same standard as the district court. LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 386 (5th Cir. 2007). Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Having carefully reviewed the applicable law and the record on appeal, including the briefs of the parties and the district court's analysis, we are satisfied that the district court's rulings are fully supported. For the reasons stated by the district court, Beaudoin has failed to offer sufficient evidence from which a rational trier of fact could find that she was terminated unlawfully on the basis of sex or race. The district court's grant of summary judgment is AFFIRMED.